7678

### BANK OF SALUDA v. FEASTER.

1. PLEADINGS—NOTICE.—Where it is necessary to allege notice and the pleader alleges it in the alternative, the facts relied on to constitute notice should be alleged.

2. IBID.—IBID.—STRIKING OUT.—If in this case the pleader meant to allege the facts set out charged plaintiff with notice of failure of consideration of the check, the defense was properly struck out, as no such inference can be drawn from the allegation that the indorsee of the check held a senior mortgage on a mule for a junior mortgage on which the check was given.

3. IBID.—IBID.—IBID.—But if the allegation of notice be properly pleaded and intended to be independent of the other facts alleged, striking out is not reversible error, as the allegation of notice is made in better form in another defense.

4. NEGOTIABLE INSTRUMENTS—CHECKS.—That the payee of a chattel mortgage has failed to assign it to the maker of a check given in

purchase of it, is no defense to an action by the indorsee of the check against the maker in absence of notice of failure of consideration before he became indorsee.

5. PLEADINGS—NOTICE.—An allegation that indorsee of a check had notice of want of consideration before paying anything on it, made in one defense, cannot be assumed to mean in another defense that notice of want of consideration was to be inferred from the fact that indorsee held a senior mortgage on the property, for the purchase of a junior mortgage on which the check was given.

6. NEGOTIABLE INSTRUMENTS—CHECKS.—An indorsee of a check for collection can recover nothing thereon after notice of failure of consideration except what he has advanced before notice.

Before WATTS, J., Saluda, March, 1910.   Modified.

Action by Bank of Saluda against L. R. Feaster and Citizens Bank of Batesburg.   From order striking out certain defenses, defendants appeal.

*Mr. Barrett Jones,* for Feaster, cites: *Want of consideration is a valid defense:* 54 S. C., 364; 74 S. C., 210.

*Mr. George Bell Timmerman,* for Citizens Bank of Batesburg, cites: *Defenses struck out are complete defenses to the cause of action sued on:* 54 S. C., 364; 74 S. C., 210; 9 S. C., 440; 6 S. C., 110; 2 S. C., 427.

*Messrs. Thurmond & Ramage,* contra, cite: *The defenses are not good:* 12 Rich. L., 518; 41 S. C., 188; 74 S. C., 219, 76; 28 S. C., 143; 65 S. C., 184; 20 Ency. P. & P., 78, 43; 6 S. C., 113; 15 S. C., 241; 2 Dan. on Neg. Inst., 557; 70 Pac., 157; Pom. Rem., secs. 567, 610; Dan. on Neg. Inst., secs. 1, 90, 91, 445; 13 Abb. Pr., 65; 7 Robt., 431; 9 Ency. P. & P., 694; 44 S. C., 227; 1 Ency. P. & P., 852; 57 S. C., 289; 70 S. C., 93.   *Sham pleading:* 1 Chitty Pl., 567; Bliss Code Pl., sec. 422; 10 Ind., 232; 12 Ind., 420; 86 Ind., 503; 18 Cal., 386; 18 N. Y., 315; 13 Abb. Pr., 65; 13

Minn., 165; 29 Minn., 166; 31 Minn., 267; 4 Or., 39; 54 S. C., 364.

October 4, 1910.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This appeal is from an order of Honorable R. C. Watts, Circuit Judge, striking out certain paragraphs of the answers of the defendants as sham and irrelevant.   The complaint alleges that on the 15th December, 1909, the defendant L. R. Feaster made his check on the defendant Citizens Bank of Batesburg for $226.67 payable to the order of B. Matthews; that thereafter B. Matthews for value duly endorsed the check to the plaintiff Bank of Saluda; that notice was immediately given to the defendant bank of the indorsement of the check to the plaintiff bank; that when the check was drawn and the notice given Feaster had on deposit in defendant bank funds sufficient to pay the check; that the defendant bank afterwards allowed Feaster to withdraw his funds; that the check was duly presented and payment refused, and that the check was duly protested and notice of nonpayment given to Feaster.

The answers of the two defendants are practically the same, and hence it will be necessary to set out for consideration only the defenses of the defendant bank which the Circuit Judge ordered struck out as sham and irrelevant. For a second defense the defendant bank alleged that Feaster gave the check in payment of a chattel mortgage over a mule, said to have been executed by one Joe Artemus, under the false and fraudulent representation that the mule was free from incumbrance; whereas there was in fact a senior mortgage on the mule held by the plaintiff bank, under which the mule was seized the day after the check was given; and "that the plaintiff knew or ought to have known of the foregoing conditions before it parted with any money or valuable thing for said check, if it ever did, which is denied."   An allegation in the alternative, as a

7—87

general rule, is bad, but it is sometimes permissible when from the nature of the case the party pleading cannot fairly be expected to know with certainty which of two conditions exist, either of which would sustain his action or defense. When in such a case, the allegation of notice is necessary, and it is stated in the alternative form that the plaintiff had or ought to have had the knowledge which would defeat his recovery, the facts relied on to constitute notice should be alleged; otherwise the allegation in such form is hardly anything more than the expression of the defendant's opinion as to an inference that ought to be drawn, though may be without any facts leading to it. The remedy, however, for a defect of that sort is ordinarily by motion to make more definite and certain.

In this case it seems to us that the pleader meant to say that from the facts alleged the plaintiff was chargeable with notice that the check was procured by fraud. If so, then the allegation was properly struck out as irrelevant, for if the allegations be assumed to be true, they have no tendency to support the inference of notice. The fact that the plaintiff bank held a chattel mortgage on a mule given by Joe Artemus, did not tend to show notice that a check given by Feaster to Matthews was fraudulently procured in the sale of a junior mortgage on the same mule.

But even if it be assumed that the allegation of notice was intended to be entirely independent of the other allegations, and that it was properly pleaded in the alternative, the order of the Circuit Judge should not be reversed on this point, because the same allegation of notice is made in better form in the statement of the fourth defense of the answer; and a judgment of the Circuit Court should not be reversed or modified for error which has done no harm. While an order striking out allegations of a pleading is appealable, it is of great importance to the

prompt administration of justice that appeals on immaterial questions of this sort should not be encouraged.

The sixth defense set up is entirely without substance. The allegation here is that payment of the check was refused because Feaster had undertaken to stop payment for want of consideration, consisting in the failure of Matthews, the drawee, to carry out his agreement to assign the chattel mortgage on the back thereof. This is no defense to the action of the plaintiff, as indorsee, for there is no charge of notice to the plaintiff of the alleged failure of consideration before it became indorsee of the check for value.

The fourth defense is as follows: "It is alleged upon information and belief that before plaintiff ever parted with anything of value for the said check referred to in the complaint it had due and adequate notice that the said check was without consideration and that the same would not be paid; and when it parted with anything of value for said check, if it did, which is denied, it did it at its own risk." Here is an allegation that the defendant, before paying anything for the check as indorsee, had notice of want of consideration, and therefore did not stand in the position of a *bona fide* indorsee for value without notice. If entire want of consideration and notice of it to the plaintiff, before indorsement for value, be proved, there can be no recovery. *McCaskill* v. *Ballard,* 8 Rich. 470; *Loan and Savings Bank* v. *Farmers and Merchants Bank,* 74 S. C. 210, 54 S. E., 364. This allegation is made in the statement of a separate defense, and the Court cannot assume that the defendant meant to allege that the notice of want of consideration was to be inferred from the fact that plaintiff was the holder of a mortgage on the same property senior to that for the purchase of which the check was given.

The fifth defense was also substantial. It is thus set out: "That plaintiff was duly and adequately notified on the 17th day of December, 1909, that the said check, referred to in

the complaint was procured by fraud and that it was without a good and valuable consideration, and it is alleged upon information and belief that at the time of the said notice the plaintiff had parted with only a small part of the proceeds of the said check, if any, but that said check was placed in the hands of plaintiff by the said B. Matthews for collection, the proceeds of which were to be placed to his credit in plaintiff bank when collected, and the check not having been plaintiff's, it is not now, nor was it at the time of receiving the notice aforesaid out of any money or the loser by said transaction." This allegation means, as we understand it, that plaintiff was an indorsee for collection, and when it received notice of the alleged want of consideration for the check, had advanced to the payee only a small sum, if anything. This is a statement of a good defense which, if established by evidence, would prevent the plaintiff's recovery of any amount beyond that advanced by plaintiff as indorsee before notice of the want of consideration. It may be that the plaintiff has a right to an order requiring the defendant to make the fourth and fifth defenses more definite and certain by alleging the manner in which notice was given to the plaintiff of want of consideration for the check; but that point is not before us.

The judgment of this Court is that the order of the Circuit Court be affirmed as to the second and sixth defenses of the answer of the Citizens Bank, and the second and fifth defenses of the defendant L. R. Feaster; and that the order of the Circuit Court be reversed as to the fourth and fifth defenses of the answer of the Citizens Bank, and the third and fourth defenses of L. R. Feaster.