9288

## FOLK v. MOORE ET AL.

### (88 S. E. 18.)

BILLS AND NOTES. CERTIFICATES OF DEPOSIT. PARTIES. EVIDENCE. DIRECTION OF VERDICT.

1. BILLS AND NOTES—CERTIFICATES OF DEPOSIT.—A certificate of deposit in writing containing an unconditional promise to pay absolutely a certain sum of money to the order of the payee at a definite time is in effect a promissory note.

2. BILLS AND NOTES—PARTIES.—Where the undisputed and uncontradicted facts show that in order to give the paper credit and as part of the original transaction, third parties endorsed their names on a promissory note in form of a certificate of deposit, they are makers rather than guarantors.

3. BILLS AND NOTES—PARTIES—EVIDENCE.—The language of an agent, after the death of his principal, cannot change the rights of the principal fixed by the status of the parties when the contract was made.

4. TRIAL.—Where upon the record a verdict should be directed for plaintiff, the refusal to direct one for the defendant was proper.

Before MAULDIN, J., Hampton, February, 1915. Affirmed.

Action by J. G. Folk, as administrator of the estate of Jessie M. Folk, deceased, plaintiff, against D. F. Moore, W. D. Barnes, S. A. Agnew and J. L. Folk, defendants. From judgment for plaintiff, defendants appeal. The facts are stated in the opinion.

*Messrs. W. D. Connor* and *W. H. Townsend,* for appellant, submit: *The certificates offered in evidence differed from the alleged notes:* 27 S. C. L. 14, 16; 32 *Ib.* 56; 38 S. C. 363, 364; 136 Mass. 487, 488; 91 S. C. 166; 141 Mass. 515; 85 N. Y. 587; 170 Mass. 67; 2 Cranch. C. C. 625; 6 Fed. Cas. 3312; 2 Enc. Ev. 447, 448; 2 McC. 271; 151 Mass. 115; 7 L. R. A. 392. *Plaintiff's testimony showed plaintiffs were guarantors rather than makers:* 64 Vt. 387, 388; 64 N. Y. 457, 460; 6 S. C. Eq. 451; 56 S. C. 480.

*Messrs. R. H. Welch, C. B. Searson* and *Nettles & Tobias,* for respondents. The latter submit: *Certificates of deposit in effect promissory notes:* 3 R. C. L., pages 570 and 573; 84 Tex. 40; 75 Am. St. Rep. 43, 46; 1 Parsons, Bill and Notes 26; 5 A. & E. Enc. of L. 803; Morse, Banks & Banking (4th ed.) 298; 2 Michie, Banks and Banking 1204; 13 How. (U. S.) 218; 39 S. C. 281, 291; 43 S. C. 528, 533; 45 S. C. 563; 83 Am. Dec. 358; 60 Am. Rep. 827; 19 Am. Rep. 176. *As status of endorsers as makers or guarantors:* 22 How. 341; 41 S. C. 85; 13 J. R. 175; 2 McMul. 548; 1 Strob. L. 444; 5 Rich. L. 305; 10 Rich. L. 17; 12 Rich. L. 554; 37 S. C. 463; 41 S. C. 81; 75 S. C. 255. *Plaintiff's cause of action based on promise to pay rather than certificate:* 38 S. C. 300. *Remedy for variance:* Code Civ. Proc., secs. 220, 221 and 222.

*Mr. Welch,* also for respondent, submits: *To sum up: The whole case turned upon the question as to whether or not the appellants were guarantors or makers. The testimony upon this point was undisputed and uncontradicted. The appellants argued from this state of facts that they were guarantors. We argued that they were makers. We submit that under the law they are makers and consequently the direction of a verdict in favor of the plaintiff followed, since there was no contention that payment had been made.*

March 1, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for the recovery of $7,000. The action grew out of the issuing of two certificates of deposit. The appellants, defendants in the case, at the time of the issuance of these certificates of deposits, and before delivery, endorsed their names upon the back. This action was brought by the respondent as administrator of the payee of

the certificates, and it was sought to hold the appellants primarily liable upon them.

The plaintiff's evidence proved the execution of the certificates of deposits, that the appellants, in order to give the papers credit, were requested to, and did, endorse their names upon the certificates prior to their delivery, and that thereupon the funds of the respondent's intestate were deposited in the Bank of Brunson.

After issue joined in the case it was tried before Judge Mauldin and a jury at the February term, 1915, for Hampton county. At the close of plaintiff's testimony the defendants moved for a nonsuit, which was refused. Defendants then introduced testimony, and testified that while they signed the papers at their inception and before delivery, they did so only as guarantors and are only liable secondarily. Upon the close of the case both plaintiff and defendants made a motion for a directed verdict. The Court overruled the motion of the defendants, and granted that of the plaintiff, and directed a verdict in favor of the plaintiff in the sum of $7,000, holding that the defendants were liable upon these certificates of deposit as makers of promissory notes. Whereupon defendants appeal and by nine exceptions impute error on the part of his Honor. Exceptions 1, 3, 4, 8 and 9 will be considered together and present two questions: (1) Can the certificates of deposits introduced in evidence in the case be considered rightly as promissory notes? and (2) if so, are the appellants liable thereon as makers of promissory notes?

The certificates of deposits in the case fill all of the legal requirements of a promissory note, it is a written unconditional promise to pay absolutely a certain sum of money. They have all the necessary elements of a promissory note. They are in writing, and they promise to pay to the order of the payee, three and four thousand dollars, respectively, twelve months from date, at the

rate of six per cent. interest per annum. The evidence shows after certificates were made and delivered the deposit was made. There is an unconditional. promise to pay a certain sum absolutely in the certificates of deposit and they are in effect promissory notes.

A certificate of deposit is not an ordinary receipt; in fact, it contains few of the elements of a receipt. It does contain the elements of a promissory note, and the almost universal rule is that such certificates are promissory notes, to be governed in general by the same rules that control instruments of that character. *Leaphart* v. *Commercial Bank,* 45 S. C. 563, 23 S. E. 939.

We think that the certificates of deposit in this case were promissory notes. The evidence in the case shows that the defendants endorsed their names on the certificates of deposits as makers rather than as guarantors, and no other reasonable inference could be drawn from the evidence. The record in the case conclusively shows that the two certificates of deposit had the names of defendants placed upon the back, as a part of the original transaction. This testimony is undisputed and undenied, this being the case the Court was correct in holding that they were makers. The undisputed and uncontradicted facts in the case make the defendants makers and not guarantors. His Honor had authority for holding as he did. The case of *Johnson* v. *McDonald,* 41 S. C. 85, 19 S. E. 65. These exceptions are overruled.

The 5th exception is overruled. The status of the parties was fixed when the contract was made and could not be changed by any misleading language of an agent of the principal who was dead and the agent could not thus destroy the fixed rights of his deceased principal.

The 6th exception is overruled. Under the record in the case his Honor was correct in directing a verdict for the plaintiff, that being the case of Courts it would have been

error to direct one for the defendant. The whole record impresses us that the bank and its directors, instead of borrowing money direct and giving notes, adopted the scheme of getting deposits by agreeing to pay interest and inducing depositors to loan it money by giving a certificate of deposit and having directors endorse the same. In this case we find nothing either in law or in morals that supports the contention of the appellants that they should be released from an honest obligation and cause loss to the innocent lender.

All exceptions are overruled. Judgment affirmed.