## 11770

### CITIZENS BANK v. WHITE *ET AL.*

#### (128 S. E., 27)

1. BILLS AND NOTES—BANK, PAYING CERTIFICATE OF DEPOSIT GIVEN ON DISCOUNTING NOTE, AFTER NOTICE OF DEFENSE CLAIMED BY MAKER, HELD NOT HOLDER IN DUE COURSE.—Where bank paid certificate of time deposit, which it had given in discounting note, after it had notice from maker of note of defense claimed by him, *held,* under Negotiable Instrument Act (Civ. Code, 1922, §§ 3705, 3739), bank was not holder in due course, entitled to sue maker of note as such.

2. BILLS AND NOTES—NOTE HELD VALID OBLIGATION FOR ONLY $12 RATHER THAN $1,200, AMOUNT STATED IN MARGIN.—Under Civ. Code, 1922, § 3668, note which bore in margin figures "$1,200," but in the body contained only written words "twelve dollars," was valid obligation only to extent of $12 until reformed.

3. REFORMATION OF INSTRUMENTS—EQUITY WILL REFORM INSTRUMENTS TO CORRECT MUTUAL MISTAKES, BUT NOT IN FACE OF GOOD DEFENSE OF FRAUD OR WANT OF CONSIDERATION.—Equity will reform instruments to correct mutual mistakes and make them conform to original intent of parties, but will not reform note in favor of holder in face of good defense of fraud or want of consideration.

Before FEATHERSTONE, J., Sumter, April, 1924. Reversed and complaint dismissed.

Action by Citizens Bank of Charleston against S. J. White and the Mint Cola Company, Inc. Judgment for plaintiff and defendants appeal.

*Mr. M. W. Seabrook,* for appellants, cites: *Relation of bank and depositor:* 7 C. J., 641. *Certificate of deposit negotiable:* 103 S. C., 268; 45 S. C., 567; 39 S. C., 291;

7 C. J., 647. *Failure of consideration a defense:* Code of 1922, Vol. 3, Sec. 3679. *Notice. of defect before payment:* 150 U. S., 243; 37 L. Ed., 1067; 14 Sup. Ct. Rep., 94; 108 N. Y., 346; 73 N. E., 33; 105 Am. S. R., 765; 7 C. J., 648; 87 S. C., 97; 155 Page 151; 89 Wash., 649; 115 N. W., 511; 18 N. D., 45; 215 P., 831 (Kan.) *Instrument to be regular and complete:* Code of 1922, Vol. 3, Sec. 3703. *Irregularity not correctible:* 8 C. J., 475; Ambiguity. Code of 1922, Vol. 3, Sec. 366. *Alteration:* Code of 1922, Vol. 3, Sec. 3775 and 3776; 91 S. C., 135; 109 S. C., 70; 89 Minn., 394; 95 N. W., 212; 115 S. C., 48; 104 S. W., 312. *Cases distinguished:* 17 L. R. A. (N. S.), 747; 91 S. C., 456; 101 S. C., 207. *Holder to prove good faith:* Code 1922, Vol. 3, Sec. 3710.

*Messrs. Hagood, Rivers & Young,* for respondent, cite: *Note complete and regular:* Code 1912, Vol. 3, Sec. 3652; 109 S. C., 70; 95 S. E., 140; 109 S. C., 294; 96 S. E., 124; 113 S. C., 140; 101 S. E., 746; 117 S. C., 140; 108 S. E., 401; 5 Uniform Laws Ann. 7; Brannon's N. J. L. (3d Ed.) 2; 8 C. J., 114. *Holder in due course:* Code 1922, Vol. 3, Sec. 3703. *Negotiable certificate of deposit a valuable consideration:* 103 S. C., 266; 88 S. E., 18; 198 Ala., 418; 66 Sou., 509. *Irregularity and ambiguity distinguished:* Code 1922, Vol. 3, Sec. 3668; Subd. 1; Code 1922, Vol. 3, Sec. 3703, Subds. 1 & 4. *Notice of defect:* 125 S. E., 362; Code 1922, Vol. 3, Sec. 3708; 5 Uniform Laws Ann. 235; Brannon's N. J. L. (3d Ed.), 178. *Immaterial notation on note:* 5 Uniform Laws Ann. 464; Brannon's N. J. L., 349. *Mutual mistake corrected:* 113 S. E., 78; 115 S. C., 452; 106 S. E., 473; 122 S. E., 29 (Ga.) ; 122 S. E., 444 (W. Va.) ; 106 S. C., 346; 91 S. E., 293; 99 S. E., 810. *Effect of reformation:* 115 S. C., 67; 104 S. E., 330.

May 25, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE J. W. JOHNSON.

The following statement appears in the case for this Court:

"This action was commenced on the 19th day of February, 1921. The issues made by the pleadings are as follows: This is a suit on a note, dated March 5, 1920, on which was written in figures $1,200, whereas in the body of the note the amount is only written as twelve dollars, note being executed by the defendant S. J. White, on the back of which the defendant Mint Cola Company, Inc., a bankrupt corporation, indorsed its name along with the defendant White. It is alleged that before maturity the note was delivered for value to plaintiffs, who are the legal owners and holders thereof; that by mistake in drawing the note the words 'twelve 00/100 dollars' were inserted, the defendants intending to have inserted the words 'twelve hundred 00/100 dollars'; that on maturity payment was demanded which was refused; that no part of it has been paid, and that $1,200 with interest and attorney's fees are now due thereon. The Court is prayed to reform the instrument, and for judgment for the $1,200 with interest and attorney's fees..

"The amended answer admits the making of the note and that S. J. White signed his name on the back of it, and denies. knowledge or information sufficient to form any belief as to plaintiff's alleged ownership of the note. The defendant S. J. White further alleges that he is without information as to the reason why the said note was filled out for $12 and not $1,200, but in view of the further allegations herein contained avers that the alleged mistake in filling out the said note is immaterial and without effect, except to put plaintiff upon notice that the same was not a bona fide obligation of this defendant for the sum of $1,200, and he denies that he is indebted to plaintiff in any sum. He further alleges that the note was materially altered after being signed by him, such alteration appearing on the face of the note and consists in the insertion of the words, 'Eight shares of preferred stock, four shares of common stock Mint Cola Co.,

attached'; and that the note is not complete and regular upon its face, and that at the time of the alleged negotiation of the note, the plaintiff had notice of its infirmities; and he further alleges that the note has upon its face a legal value for the sum of $12 only, and not for the sum of $1,200, and that, if plaintiff became the owner thereof, it purchased the same with notice of the fact that it was a legal obligation for the sum of $12 only, and that plaintiff could not recover from this defendant for more than that amount. The issue is further raised that there has been a failure of consideration for which the note was given, and that the defendant has received no consideration of any kind, whatsoever, for the said note, and that the said note is without consideration, null and void; and the prayer of the amended answer is for a dismissal of the complaint.

"This cause was tried at the April term, 1924, of the Court of Common Pleas for Sumter County, by his Honor, Judge C. C. Featherstone, and a jury. After motion for directed verdict having been duly made both by the plaintiff and the defendant S. J. White, his Honor directed a verdict for the plaintiff for the sum of $1,608 which verdict was duly taken and entered, and judgment entered thereon, from which verdict and judgment entered, or to be entered thereon, and the rulings of the Court, this appeal comes."

For a clear understanding of the issues arising upon this appeal, it will be necessary to make a brief statement of the testimony adduced at the trial. Defendant appellant White, testified that on March 5, 1920, one McCown, an agent of Mint Cola Company, a corporation, offered to sell to him certain shares of stock in that company and to take in payment for same the note of White. The note was to be drawn for $1,200, but by a mistake of the scrivener the sum payable as expressed in words in the body of the note is $12. The figures on the margin of the note are $1,200.

The note was drawn payable six months after date to the order of White, who then indorsed and delivered it to Mc-

Cown to be forwarded to the company, who in turn were to send him stock in the company for same; that in about two weeks after this transaction, he (White) received a letter from said company stating that McCown had no authority to take his note in payment for the stock, and that they could not use it, and requested him to send check in payment for the stock; that, thereupon, so White testified, he wrote the company to return his note and call the trade off; that the company did not return his note, nor did they send him the stock for which it was given, and he heard nothing more in regard to the note until fall, when "they notified me the note was due." He here probably refers to a letter to him from Linn & Linn, attorneys at Salisbury, N. C. (where the company was located) bearing date October 18, 1920, in which they described the note, and say they hold same for collection, and demand payment. As will be seen later, plaintiff-respondent claims that they purchased the note on May 15th, and the same was never out of their possession after that time. The testimony of White is corroborated throughout by another witness who testified that he attended largely to White's correspondence. White accounted for his failure to produce the letter from Mint Cola Company refusing to accept his note in payment for stock by saying that he had left same with his attorney, who subsequently died, and the letter could not be found among the attorney's papers.

This testimony is not disputed, unless a letter which appears in the record from Mint Cola Company to White, dated September 28, 1920, and introduced in evidence by White, can be considered as in conflict with White's testimony. Mr. White testified, further, that he had a conversation with Mr. Brown, the then president of Citizen's Bank, and informed him of the circumstances under which he gave the note. The only witness who testified for plaintiff-respondent was C. R. I. Brown, who was president of said bank at the times herein mentioned. He testified that on

May 15, 1920, the Bank received the note in question presented by D. H. Hall, then president of the Mint Cola Company, and McCown, their sales agent, for discount, and that the bank discounted the note and gave Mint Cola Company a certificate of deposit for $1,200 in payment thereof. This certificate was introduced in evidence, and showed that it bore date May 15, 1920, and was payable nine months after date. He testified, further, that the bank paid this certificate of deposit February 8, 1921; that at maturity of the note demand was made on White for payment of the note and he refused; that he conversed with White in November about the note. Mr. Brown's testimony is not altogether clear as to what was said by Mr. White in that conversation. This question, however, was asked him:

"Didn't he [White] tell you that shortly after he had given this note to the agent of the Mint Cola Company that they wrote him a letter that they couldn't use his note, to send his check for the stock, and he told them to send his note back, and he would call it off? A. Something the gist of that.

"Q. At that time you had not paid a thing for the note? A. I don't think so, but we were under obligations to pay it when it was presented.

"Q. But you hadn't paid anything? A. No, sir."

So that plaintiff paid its obligation to Mint Cola Company with full notice that defendant had a defense, which if established, would defeat a recovery by the Mint Cola Company in an action between said company and defendant. Defendant's first exception in brief imputes error to the presiding Judge in directing a verdict for the plaintiff when it was admitted that plaintiff had full notice and knowledge of the alleged infirmity in the note before paying for same. I think this exception should be sustained.

It seems to me that our Negotiable Instrument Act (section 3705, vol. 3, Code 1922), settles this point. That section reads as follows:

"Where the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he has paid the full amount agreed to be paid therefor, he will be deemed a holder in due course only to the extent of the amount theretofore paid by him."

See, also, section 3739 of Code; *Bank v. Feaster,* 87 S. C., 100; 68 S. E., 1045; *Walters v. Rock* (N. D.), 115 N. W., 511, and *Brannon's Negotiable Instruments Law* (3d Ed.), § 54; *Thompson v. Sioux Falls Nat. Bank,* 150 U. S., 243; 14 S. Ct., 94; 37 L. Ed., 1067; *Citizens' Bank v. Cowles,* 180 N. Y., 346; 73 N. E., 33; 105 Am. St. Rep., 765.

The fact that the bank gave, in payment for the note, a certificate of deposit does not alter the case. A certificate of deposit has all the elements of a promissory note. In fact the certificate of deposit set out in this case is a promissory note, and the law governing the one governs the other. *Folk v. Moore,* 103 S. C., 268; 88 S. E., 18; *Leaphart v. Bank,* 45 S. C., 563; 23 S. E., 939; 33 L. R. A., 700; 55 Am. St. Rep., 800; *Bickley v. Bank,* 39 S. C., 291; 17 S. E., 977; 39 Am. St. Rep., 721.

So that when plaintiff paid the original obligee, the sum represented by the certificate of deposit with notice of the infirmity in the note sued on, it did so at its peril, and does not occupy in this action the position of holder of the note in due course. There is a line of cases which hold that the giving of one note in exchange for another makes each an independent obligation the one not dependent on the payment of the other. But the doctrine announced in these cases is not applicable here. In those cases the notes had passed into the hands of innocent third parties, and they were valid obligations at the time they were executed. Here, however, if the testimony offered on behalf of defendant is true, there not only was no consideration for the note, but Mint Cola Company did not even have title to the note. With full knowledge of these alleged facts, plaintiff saw fit to pay the note, and now comes into Court and invokes the doctrine of

purchaser in due course. We cannot sustain this plea.

There is still another ground which I think would, in any view of the case, limit the recovery to $12 and interest and fees. As before stated, the body of the note was in writing, and was for $12. The sum entered on the margin of the note was in figures and for $1,200. Subdivision 1 of section 3668 of vol. 3 of Code is as follows:

"Where the sum payable is expresesd in words and also in figures and there is a discrepancy between the two, the sum denoted by the words is the sum payable."

So that when plaintiff purchased this note it became the owner of a note worth only $12.

There is no question but that there was a mistake made in drawing the note, and that it should have been drawn for $1,200 instead of $12. The law is too well settled to require citations that equity will reform written instruments, when there are mutual mistakes, and make them conform to the original intention of the parties. But a Court of Equity would hardly reform a note and give the holder thereof an advantage he did not then have, when the defense was fraud and want of consideration. But however this may be, the record in this case fails to show that the Court ordered the note in question reformed, and plaintiff therefore could not recover more than the face of the note as expressed in words.

But, aside from this, the question arises, can a party purchasing a note good for a certain sum have it reformed for a much larger sum, and then claim to be a holder in due course for the full amount of the reformed note? The authorities on this point are conflicting, and, as the decision of this question is not necessary to a determination of the issues arising in this case, we express no opinion.

I think the judgment of this Court should be that the judgment of the Circuit Court be reversed, and the complaint dismissed.

MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. JUSTICE COTHRAN did not participate.