H. L. BUCHANAN & COMPANY, et al. v. MADISON BANK & TRUST COMPANY.

Middle Section.   October 1, 1927.

Levine & Levine, of Nashville, for plaintiffs in error, Buchanan & Co., et al.

Littell Rust, of Nashville, for defendant in error, Bank & Trust Co.

CROWNOVER, J. This action was instituted by defendant in error to recover the amount it had paid out on a check deposited by plaintiffs in error, which had been revoked and payment forbidden. The action was tried by the judge without a jury, and resulted in a judgment for $366.51 and costs, in favor of the Bank & Trust Co. The defendants below have appealed in error and have assigned two errors, that:

(1) There is no evidence to sustain the judgment.

(2) The evidence preponderates against the judgment.

It is clear that we cannot entertain the second assignment as this court does not weigh the evidence if there is any material evidence to sustain the judgment; but the first assignment involves a review of the facts of the case.

The check of $500 in question was drawn by H. L. Buchanan & Co. by H. L. Buchanan on another bank in Nashville, the name not disclosed in the record, payable to the order of D. D. Walker, and endorsed by him to J. R. Bruce, who deposited it in the Madison Bank & Trust Company. The deposit was made in the regular course of business and in the usual manner, and Bruce was permitted to check on the account on the faith of the check to the amount of $366.51, which checks were paid by the Bank & Trust Co. before it was notified that payment of said $500 check had been revoked by Buchanan. It appears that the check after deposit had been promptly sent through the clearing for payment. But the Bank & Trust Company was not notified that payment had been stopped by H. L. Buchanan & Company until three days after it was deposited, and in the meantime it had paid Bruce's checks on this account in the sum of $366.51, but after notice of revocation of payment, it refused to pay any more of Bruce's checks, as "under the terms of the deposit slip the bank reserved the right not to cash any checks on the strength of this deposit until the deposit check had been cleared through the bank upon which it was drawn." The cashier testified that it was the universal custom not to enforce this provision, unless the depositor was specially notified that the deposit check was deposited for collection only, but as similar checks had previously gone through his bank and were all right, his bank permitted Bruce to draw checks on the deposit as above stated.

A copy of the deposit slip containing the terms upon which the deposit was made was filed as "Exhibit B" to the cashier's testimony, but it was not copied into the record. Hence, all we have to consider is the oral testimony of the witnesses. For this reason the judgment must be affirmed, as we must presume, in the absence of all the material evidence, that the trial judge had sufficient evidence to support the judgment. See, Pepper v. Gainesboro Telephone Co., 1 Tenn. App., 175.

But taking the oral evidence without the deposit slip, which deposit slip was the real contract between the Bank & Trust Company and Bruce, there is sufficient evidence to support the judgment.

The right of the drawer of a check to revoke the same and to stop payment cannot be exercised after the check has been endorsed and transferred to an innocent holder. See, Mitchell County Bank v. Hill, 7 Hig., 86; Bank v. Seay, 8 Hig., 32; 7 C. J., 701 and 635; Pease v. Bank, 114 Tenn., 699, 88 S. W., 693.

Where the bank allows a depositor to draw against the deposit, it pays value and may be a holder in due course of the check deposited. If a bank permits the depositor of a check to draw a portion of the amount of the check it is a holder in due course to the extent of the amount thus paid. See, Brady's Law of Bank Checks, 1st Ed., 89; National Bank v. Bonsor, 38 Pa. Super. Ct., 275; Bank of Saluda v. Feaster (S. C.), 68 S. E., 1045.

"Where the transferee receives notice of any infirmity in the instrument, or defect in the title of the person negotiating the same before he has paid the full amount agreed to be paid therefor, he will be deemed a holder in due course only to the extent of the amount theretofore paid by him." See, Uniform Negotiable Instrument Act, 1899, chap. 94, sec. 54.

It results that the assignment of errors must be overruled and the judgment affirmed. A judgment will be entered here for $366.51, together with interest thereon from February 12, 1927, together with the costs of the cause, including cost of the appeal, against the plaintiffs in error, H. L. Buchanan, J. R. Bruce, D. D. Walker and Arthur H. Campbell, and the surety on the appeal bond, S. A. Buchanan, in favor of the Madison Bank & Trust Company, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.