503 P.2d 1036 (1972)
Carl MEES, Plaintiff-Appellee,
v.
Louis G. CANINO, Defendant-Appellant.
No. 72-015.
Colorado Court of Appeals, Div. I.
December 12, 1972.
*1037 Raphael M. Solot, Denver, for plaintiff-appellee.
Robert L. Pitler, Denver, for defendant-appellant.
Selected for Official Publication.
DWYER, Judge.
This is an appeal by defendant, Louis G. Canino, from a judgment entered against him in an action on a promissory note after trial to the court.
Plaintiff, Carl Mees, alleged in his complaint that on March 11, 1970, defendant executed a note in the principal amount of $27,000, payable $225 per month and that defendant had made no payments and was in default. Plaintiff demanded judgment for $27,000 plus interest. In his answer, defendant admitted the execution of the note but denied generally all other allegations.
At the trial, plaintiff appeared and identified Exhibit No. 1 as "[a] promissory note from Louis G. Canino to me in the amount of $27,000." He testified that demand had been made on the note but that no payments had been made. Defendant did not personally appear at the trial, and no evidence was presented in his behalf. However, his attorney asserted in his defense that the principal amount of the note was $225 rather than $27,000. The note in question is a printed form and provides in part as follows:
"No. 922B. INSTALLMENT NOTE [Printer's name and address]
$27,000.00 March 11, 1970
 LOUIS G. CANINO for value received, does promise to pay
to the order of CARL MEES the sum of Two Hundred Twenty-Five
______________________ Dollars at Lakewood, Colorado,
said principal payable on the first day of each and every month
commencing April 1, 1970 with interest at the rate of 8 per cent
per annum.
[Default provisions and acceleration clause]
 /s/ Louis G. Canino" 
The words and figures appearing in the blank portions of the printed note are typewritten, and, below defendant's signature, a memorandum of payments schedule is provided.
At the conclusion of the trial, the court ruled that the principal amount of the note was $27,000; that the note was payable in monthly installments of $225; and that the full amount of the note was due. Judgment *1038 was accordingly entered for $27,000 plus interest.
On appeal, defendant argues that the court's construction is erroneous as a matter of law because the words "Two Hundred Twenty-Five" should control over the figures of $27,000." He argues that such construction is required by C.R.S. 1963, XXX-X-XXX(c), which provides:
"Words control figures; except, that if the words are ambiguous, figures control."
This section of the code is applicable where a single amount, such as an amount of principal, is intended to be expressed both in figures and in words, and there is a conflict between the figures and the words or an ambiguity in either the figures or the words used. See Guthrie v. National Homes Corp., 394 S.W.2d 494 (Tex.); and Citizens' Bank v. White, 132 S.C. 295, 128 S.E. 27.
In the present case, there is no ambiguity in either the figures "$27,000" or the words "Two Hundred Twenty-Five." Rather, the ambiguity arises because the words "Two Hundred Twenty-Five," when considered in the context within the note, may refer either to the principal of the note or to the monthly payments due on the note. The section of the code, C.R.S.1963, XXX-X-XXX(c), does not provide a solution to this problem, and resort must be had to other rules of construction. As between the parties, the note must be construed so as to give effect to the manifest intention of the parties. Leach v. LaGuardia, 163 Colo. 225, 429 P.2d 623; 11 Am.Jur.2d Bills and Notes § 62. The note should be construed as a whole and effect given to all the provisions thereof. Kugel v. Young, 132 Colo. 529, 291 P.2d 695; Hill v. Stanolind Oil and Gas Co., 119 Colo. 477, 205 P.2d 643; and Aronoff v. Western Federal Savings and Loan Ass'n, 28 Colo.App. 151, 470 P.2d 889. So construing the note, it is obvious that the trial court was correct in finding that the principal of the note is $27,000 and that said principal is payable in monthly installments of $225.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.