**S.L.K. ASSOCIATES, a general partnership, C.S. & L. Associates, a general partnership, and Charolay II Associates, a general partnership, Plaintiffs-Appellants,**

v.

**CHAROLAY APARTMENTS, LTD., a limited partnership, Kanover, Ltd., a Canadian corporation, and George Blau, Individually and as General Partner for Charolay Apartments, Ltd., Defendants-Appellees.**

No. 84CA0832.

Colorado Court of Appeals, Div. II.

June 18, 1987.

As Modified on Denial of Rehearing Sept. 3, 1987.

Hamilton, Myer, Swanson, Faatz & Clark, Glen B. Clark, Jr., Noelle Paige, Denver, for plaintiffs-appellants.

Podoll & Podoll, P.C., Robert C. Podoll, Denver, for defendants-appellees.

BABCOCK, Judge.

Plaintiffs, S.L.K. Associates, C.S. & L. Associates, and Charolay II Associates, appeal the dismissal of their action against defendants, Charolay Apartments, Ltd., Kanover, Ltd., and George Blau, for default interest on seven promissory notes. We affirm.

Plaintiffs are three general partnerships who, in 1977, sold three apartment houses they owned to defendant Kanover. As part payment, plaintiffs took seven promissory notes secured by a deed of trust on the property. The deed of trust contained a "due-on-sale" clause, which gave plain-

tiffs the option to accelerate the notes upon Kanover's sale of the property.

In April 1981, Kanover contracted to sell the apartment houses to defendant Charolay Apartments subject to plaintiffs' deed of trust. In May 1981, plaintiffs exercised their right under the due-on-sale clause and declared the principal balance on the notes due in full. When this balance was not paid, plaintiffs began foreclosure proceedings, and sale by the public trustee was authorized by court order on September 1, 1981.

Charolay Apartments sought a preliminary injunction against the sale, which the district court granted. Plaintiffs appealed the injunction to this court, which reversed. *Charolay Apartments, Ltd. v. S.L.K. Associates*, (Colo.App. No. 81CA1111, December 30, 1982) (not selected for publication). However, before this decision was announced, the parties on October 29, 1982, entered into a stipulation whereby defendants agreed to pay plaintiffs the unpaid principal balance due on all seven notes, interest on the notes at the rate of 8% per annum accrued to the date of the stipulation, and an amount agreed upon for attorney fees. In consideration for this payment, plaintiffs agreed to dismiss their foreclosure action and the pending appeal of the injunction, and to release the deed of trust securing the notes. The stipulation and dismissals were also agreed to be without prejudice to plaintiffs' right to bring an action for default interest on the seven notes.

Plaintiffs then brought this action, seeking default interest on the principal under the following clause contained in each of the notes:

"FOR VALUE RECEIVED the undersigned promise to pay ... the principal sum of ... plus interest at eight (8) per cent per annum from the date hereof, on the respective balances remaining from time to time unpaid, in installments as follows:

Interest only installments quarter annually beginning on March 15, 1978 and on June 15, September 15, December 15 and March 15 of each year thereafter up to and including December 15, 1982 when the entire unpaid principal balance, together with all accrued interest shall be due and payable, all payments when received shall be first applied to interest then due and the remainder to principal, and each installment shall, after maturity, draw interest at the rate of fifteen (15) per cent per annum."

Plaintiffs alleged that the term "installment" as used in the notes included the final payment of the principal balance due, and that they were thus entitled to interest at the default rate of 15% rather than the 8% rate as agreed in the stipulation. It is undisputed that plaintiffs drafted the notes.

The district court disagreed with plaintiffs' interpretation of the notes' language. Holding that the language of the notes was unambiguous, it ruled the clear meaning of that language showed that payment of the entire principal was not an "installment." Consequently, plaintiffs' action was dismissed.

Plaintiffs contend that the district court erred in its interpretation of the notes. We disagree.

In determining whether the language of a document is ambiguous, it must be construed according to the plain and generally accepted meaning of its words, with reference made to all provisions of the agreement. *See Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.*, 195 Colo. 253, 577 P.2d 748 (1978); *Wilson v. Goldman*, 699 P.2d 420 (Colo.App.1985). Promissory notes are to be construed as a whole so that effect is given to all of their provisions, *Mees v. Canino*, 31 Colo.App. 514, 503 P.2d 1036 (1972); and they will not be given a strained and unreasonable construction. *Colorado Herald Publishing Co. v. Neuhaus*, 117 Colo. 172, 184 P.2d 1011 (1947).

Here, there is no ambiguity. The notes provide that, in the event of the maker's default on payment of an installment, the holder may not only charge interest on the installment after maturity at the 15% rate, but may also declare the entire amount, *i.e.*, the principal balance, due and payable

at once. "Installment" is defined as "[d]ifferent portions of the same debt payable at different successive periods as agreed." *Black's Law Dictionary* 717 (5th ed. 1979). The concept of payments which are part of an amount and which mature at certain dates is distinct from that of an accelerated principal balance, which is the entire amount and which does not mature.

Moreover, the term "installments," as used in the first and second paragraphs of the notes, specifically refers to the quarterly interest-only payments. Only these interest installments are subject to the 15% rate, and only after maturity. Furthermore, subsequent paragraphs of the notes make an explicit distinction between "installments" and "the entire amount due." To permit increased interest to be charged on the accelerated principal balance is therefore not only not contemplated by the plain language of the notes, but would also create an internal inconsistency. Thus, to include the accelerated payment of the principal as an "installment," as plaintiffs argue, would be to rewrite the notes, which this court is not at liberty to do. *See Keith v. El-Kareh*, 729 P.2d 377 (Colo.App.1986). Accordingly, under the plain language of the notes, plaintiffs are not entitled to default interest on the accelerated balance of the principal.

■ Plaintiffs' argument that the trial court erred in refusing to issue a preliminary ruling on their right to accelerate the notes under the due-on-sale clause has been rendered moot by the parties' stipulation, and we therefore do not address it. *See Royster v. English*, 138 Colo. 428, 334 P.2d 733 (1959).

Because we do not find this appeal to be either frivolous or brought in bad faith, defendants' request for attorney fees pursuant to C.A.R. 38(d) is denied.

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.