**BAUER DEVELOPMENT CO., a California corporation, Plaintiff–Appellee,**

v.

**NU–WEST, INC., a Colorado corporation, Defendant–Appellant.**

**No. 86CA1172.**

Colorado Court of Appeals, Div. I.

June 23, 1988.

Brownstein Hyatt Farber & Madden, Kenneth R. Bennington, Paul Chessin, Denver, for plaintiff-appellee.

Haligman and Lottner, P.C., Richard I. Brown, John Timothy Borst, Englewood, for defendant-appellant.

TURSI, Judge.

Defendant, Nu–West, Inc., appeals a judgment which returned to plaintiff, Bauer Development Co., a portion of the default interest plaintiff paid to cure its default under a promissory note and deed of trust. We affirm.

Nu–West sold land to Bauer. In connection with this sale Nu–West took back a promissory note and deed of trust. The note was for a two-year term, with interest only payable quarterly in advance, and principal due on maturity of the note. The note contained an optional acceleration provision, and provided for default interest of 26% per annum. As a condition precedent to acceleration of the due date of the note, Nu–West was required to give Bauer ten days written notice pursuant to the note in the event of monetary default.

Beginning November 1, 1982, Bauer failed to make the interest payments due under the note. On November 8, 1982, and again on December 9, 1982, Nu–West sent letters to Bauer threatening foreclosure if the interest payments were not brought up to date. On November 19, 1982, Nu–West assigned Bauer's note and deed of trust, without recourse, to the Mercantile Bank of Canada. The bank reassigned the instruments to Nu–West in May 1983. In June of 1983, Nu–West began foreclosure on the property secured by Bauer's deed of trust. Bauer cured the default with the payment of an amount with conditional sum to cover disputed default interest. It then sued for refund of a portion of the default interest and attorney fees paid.

The trial court found that Nu–West's letters of November 8, 1982, and December 9, 1982, were merely threats to foreclose and were not effective to exercise the optional acceleration provision. The trial court also found that default interest under the note did not accrue until acceleration was effected, that acceleration did not occur until Nu–West began foreclosure proceedings, and that, thus, Nu–West was not entitled to default interest for the period prior to commencement of foreclosure proceedings.

I.

· Nu–West first contends that the trial court erred in finding that no acceleration occurred until Nu–West commenced foreclosure proceedings. We disagree.

 Acceleration clauses premised upon default in payment are enforceable. *Smith v. Certified Realty Corp.*, 41 Colo. App. 170, 585 P.2d 293 (1978), *aff'd*, 198 Colo. 222, 597 P.2d 1043 (1979). In the case of an acceleration provision exercisable at the option of the obligee, the obligee must perform some clear, unequivocal affirmative act evidencing his intention to take advantage of the accelerating provision. *See Spires v. Lawless*, 493 S.W.2d 65 (Mo.App.1973); *Wentland v. Stewart*, 236 Iowa 661, 19 N.W.2d 661 (1945); *Trigg v. Arnott*, 22 Cal.App.2d 455, 71 P.2d 330 (1937).

Here, Nu–West's letters of November 8, 1982, and December 9, 1982, did not effectively accelerate the debt because no clear, unequivocal indication was given in either letter that Nu–West was exercising its option to accelerate.

## II.

Nu–West also asserts that the trial court erred in its interpretation of the default interest provision of the note. We disagree.

Questions relating to whether a written contract is ambiguous and the interpretation of its terms raise issues of law, and the findings of the trial court with respect to those matters are not binding on a reviewing court. *Littlehorn v. Stratford,* 653 P.2d 1139 (Colo.1982). In determining whether the language of a contract is ambiguous, a court should construe the terms according to the plain and generally accepted meaning of the words, with reference made to all provisions of the agreement. *S.L.K. Associates v. Charolay Apartments, Ltd.,* 745 P.2d 272 (Colo.App.1987). Any ambiguities in a contract must be construed against the party who drafted it, *Perl–Mack Enterprises Co. v. City & County of Denver,* 194 Colo. 4, 568 P.2d 468 (1977), in this case Nu–West. Promissory notes are to be construed as a whole so that effect is given to all their provisions, *Mees v. Canino,* 31 Colo.App. 514, 503 P.2d 1036 (1972), and they will not be given a strained and unreasonable construction.

▮ Here, the note provided in pertinent part:

"In the event of default in the payment of any sum payable hereunder or any part thereof ... then at any time during the continuance of any such default ... all of the principal remaining unpaid on the Promissory Note with interest thereon as herein provided, shall, at the option of the holder hereof, become immediately due and payable, provided that *this Promissory Note shall not be considered to be in default* in event of a monetary default *until* ten (10) days ... after *written notice of such default* ... shall have first been given to the Maker by the Payee *specifically setting forth the alleged default,* and such alleged default shall not have been cured within said applicable period. *Principal and interest* not paid when due and payable hereunder, and *after default is declared hereunder,* shall bear interest thereafter at the rate of twenty-six percent (26%) per annum until paid." (emphasis supplied)

The trial court interpreted this provision as requiring acceleration of principal to occur before the principal would be due and, thus, written notice as required in the note would have to be given before the principal and interest in default would draw default interest at the rate of twenty-six percent per annum. We agree.

The trial court's interpretation of this language is that default interest is triggered by a declaration of default under the terms of the note accelerating the principal and the default interest rate. Pursuant to the rules of construction discussed above, we find no error in that interpretation.

## III.

In its supplemental order, the trial court awarded default interest on principal and accrued interest from June 23, 1983, the day after Nu–West commenced foreclosure proceedings. Nu–West argues that the trial court erred in not awarding default interest on the entire amount of the delinquent interest payments, including the portion of such advance payments representing unaccrued interest. For the reasons set out above, we disagree with Nu–West's contention.

We do not address Bauer's arguments concerning the method of mailing the November 8, 1982, and December 9, 1982, letters, or concerning an alleged clerical error in the supplemental order, as neither of these issues was raised in the trial court.

The judgment is affirmed.

PIERCE and PLANK, JJ., concur.