**SUPREME REALTY, INC., f/k/a Business Brokers Co., Inc., and Philip H. Dolan, Plaintiffs-Appellees,**

v.

**Jules Lee WURZEL, Defendant-Appellant.**

**No. 79CA1000.**

Colorado Court of Appeals, Div. II.

Aug. 27, 1981.

Rehearing Denied Sept. 24, 1981.

Certiorari Denied Nov. 23, 1981.

Radosevich & Stokes, Charles M. Radosevich, Denver, for plaintiffs-appellees.

Zuckerman & Sobol, P.C., Michael J. Kleinman, Leo T. Zuckerman, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Jules L. Wurzel, appeals the trial court's judgment in favor of plaintiff, Phillip H. Dolan, for $16,767.59 plus attorney fees. We affirm.

On January 24, 1977, Wurzel sold his business to C.C. Fable and Co. (Fable). Dolan was the broker in the transaction, and contemporaneously with the closing, Wurzel executed and delivered to Dolan, as payment of his commission, two promissory notes totalling $25,720. Both notes contained the following provisions:

"In the event of default in the performance of the agreements and note between C.C. Fable and Company, Ad Industries and Jules and Helen Wurzel, necessitating termination of all of the above mentioned agreements and notes, further installments subsequent to the date of default shall be abated and waived and the makers hereof discharged from further liability for commissions due on sale of business and lease of building.

. . . .

[F]ailure to make any payment of principle or interest when due or any default under any encumbrance or agreement securing this note shall cause the whole note to become due at once . . . ."

The notes were payable in quarterly installments and the evidence indicates that Wurzel was often late in making the required payments. On February 4, 1977, Dolan put Wurzel on written notice that future installments must be made in a timely fashion, advising him that the promissory notes would be accelerated in the event of subsequent late payments. Wurzel did not make the payment due on November 1, 1977, and later that month Dolan filed suit, accelerating both notes. In December 1978, because of Fable's default in payments under the purchase and sale agreement, Wurzel terminated his agreement with Fable.

In July 1979, this case was tried to the court and judgment was entered against Wurzel for $16,767.54, the full amount due on the notes. Subsequently, in accordance with the terms of the notes, Wurzel was ordered to pay $1,676 for Dolan's attorney fees.

Wurzel contends that the court erred by not fashioning an equitable remedy relieving him of some or all of his liability on the promissory notes. He premises this conten-

tion on his claim that because of subsequent termination of the sale agreement, Dolan was unjustly enriched by the enforcement of the acceleration clauses. We disagree.

Acceleration clauses premised upon default in payment are enforceable. *Smith v. Certified Realty Corp.*, 41 Colo. App. 170, 585 P.2d 293 (1978), *aff'd*, 198 Colo. 222, 597 P.2d 1043 (1979). The trial court found that Wurzel had not terminated his agreement with Fable at the time Dolan declared Wurzel in default and accelerated the notes, and Wurzel does not argue otherwise. Accordingly, Dolan was within his contractual rights in accelerating the note.

We have considered Wurzel's remaining arguments and find them to be without merit.

Judgment affirmed.

BERMAN and KELLY, JJ., concur.