No. 20,247.

Louis S. Middlemist, as Public Administrator of the City and County of Denver, and Frieda A. Finley, *v.* Clyde F. Mosier, et al.

(377 P. [2d] 110)

Decided November 19, 1962.   Rehearing denied January 7, 1963.

Mr. Richard Mackey, for plaintiff in error Frieda A. Finley.

No appearance for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Defendants in error, to whom we will refer as plaintiffs, filed their complaint in the district court against Frieda A. Finley and Louis S. Middlemist as public trustee, to enjoin the holding of a foreclosure sale under the terms of a deed of trust in which Frieda A. Finley was the

beneficiary. At the time the action was filed, foreclosure proceedings had been commenced by Freida who claimed that a payment of $75.00 which was due September 24, 1960, had not been paid, and that taxes for the year 1959 had not been paid as provided by the deed of trust.

For several months prior to September 24, 1960, Mr. Mosier paid the monthly installment on his note by securing a check drawn by his father for the amount of the payment. These checks were made payable to Mosier who endorsed them and sent them by mail to Frieda. With reference to the payment due September 24, 1960, this same procedure was followed, except that Mosier forwarded the check without affixing his endorsement thereon. The holder of the note immediately elected to foreclose, without any attempt whatever to secure the endorsement which had inadvertently been omitted from the check. It was disclosed that the taxes were paid five days after Frieda had filed her motion in the district court for an order authorizing the sale of the property under the terms of the trust deed. Mosier's testimony was that the taxes were paid before he had any knowledge that the foreclosure proceedings had been commenced. It was further disclosed that the taxes were paid just as they have been paid theretofore, without any objecton from Frieda, and plaintiffs contend that no foreclosure can equitably be based on the claim of failure to pay taxes.

The trial court following a full hearing enjoined the foreclosure proceedings, and entered orders for the protection of the holder of the note during the time which would be consumed by prosecution of this writ of error.

We have read the record in this case and hold that no default was shown warranting a foreclosure of the real estate.

The judgment is affirmed.

Mr. Justice McWilliams not participating.