529 P.2d 324 (1974)
GORE TRADING COMPANY, a Colorado corporation, Plaintiff-Appellant,
v.
Cora ALICE et al., Defendants-Appellees.
No. 74-002.
Colorado Court of Appeals, Div. II.
December 10, 1974.
*325 Cosgriff, Dunn, French & Seavy, Peter Cosgriff, Leadville, for plaintiff-appellant.
Witty & Fattor, Joseph A. Fattor, Mack Witty, Leadville, for defendants-appellees.
Selected for Official Publication.
ENOCH, Judge.
The opinion announced on October 22, 1974, is withdrawn and the following opinion issued in its stead.
Phyllis McAuliffe initiated this quiet title action and defendant Linnea Frank counterclaimed, seeking to have title quieted in her name. During the course of the proceedings, plaintiff Gore Trading Company (Gore) was substituted as plaintiff. At the conclusion of plaintiff's evidence in a trial to the court, Frank moved for a summary judgment against plaintiff on its complaint and for defendant on her counterclaim. The court granted this motion and Gore appeals. We reverse.
The evidence in the record shows that in 1968 Frank and Minnie Lee Sparovic entered into a contract in which Frank agreed to sell her interest in certain Lake County property to Sparovic for $2,700. A deed to the property was placed in escrow, subject to a provision that legal title was to be transferred after a $500 down payment and payment of the balance due in monthly installments. During the period in which payments were to be made, Sparovic was entitled to possession of the property. The contract further provided that upon default, Frank could give ten days' notice and terminate the contract, and Sparovic would forfeit any payments made by that time as liquidated damages.
Subsequently, Sparovic's daughter, Phyllis McAuliffe, who had taken possession of the property, paid her mother for payments already made and undertook further payments under the contract. Sparovic then deeded her interest in the property to McAuliffe. Taking into account money paid to her mother since the date of sale, McAuliffe has been responsible for payments on the contract totalling approximately $665, in addition to the $500 down payment, leaving a balance in principal of approximately $1,700.
In 1970 and 1971, McAuliffe, because of illness and other reasons, defaulted in several monthly payments required by the contract. In the summer of 1972, a notice to terminate the sales agreement was prepared and posted on the premises. McAuliffe attempted to negotiate a disposition of contract rights with Frank, principally through Frank's then lawyer, who sought to resolve the situation in such a way that McAuliffe would at least be compensated for certain improvements she had made by McAuliffe on the property.
Frank then changed her attorneys and instituted a forcible entry and detainer (FED) action against McAuliffe in the Lake County Court. On November 16, *326 1972, that court entered a default judgment stating that Frank was the owner of the property, and that McAuliffe had no present right, title or interest therein. The court further ordered that Frank recover immediate possession of the property. On November 17, McAuliffe instituted the present quiet title action.
Gore alleges that the trial court erred in finding that plaintiff's interest in the property had been terminated, in recognizing a forfeiture and not allowing a redemption, and in failing to give equitable relief. In addition to denying Gore's allegations of error, Frank raises two alternative bases in support of the court's decision: That substituted plaintiff Gore could not be judged owner of the property as it failed to prove its own title, and that the entire issue of ownership had been previously determined by Frank's FED action.

I.
Before we can reach Gore's allegations, we must dispose of Frank's arguments in support of the judgment. Frank asserts that Gore failed to prove its interest in the subject property and is therefore not entitled to judgment. It is a well-established rule in Colorado that quiet title actions must be maintained by the real parties in interest, and that to prevail plaintiffs must demonstrate cognizable interests in the property at issue. MacKay v. Silliman, 84 Colo. 220, 269 P. 901. However, in the present case such an interest was conceded by the parties through their pleadings. In her counterclaim Frank asserted that McAuliffe had quitclaimed her equity to Gore and that Gore was the successor in interest to Sparovic and McAuliffe. In its reply to the counterclaim Gore did not deny those averments. Averments in a pleading to which a responsive pleading is required are admitted when not denied in the responsive pleading. C.R.C.P. 8(d). Therefore, it was admitted that Gore had the same interest in the property as did McAuliffe. It is not contested that McAuliffe had sufficient interest in the property to maintain this action.
Frank's res judicata argument is also without merit. Under the applicable jurisdictional statute, 1965 Perm.Supp., C.R.S.1963, 37-13-5, county courts are specifically precluded from deciding any matters affecting title to real property. A judgment entered in a county court FED action cannot be dispositive of the property ownership question presented here. Aasgaard v. Spar Consolidated Mining & Development Co., Colo., 522 P.2d 726.

II.
Gore's argument essentially is that the court erred in allowing the forfeiture and in not allowing Gore an equitable right of redemption.
Quiet title actions are equitable proceedings, and equity abhors a forfeiture. Where a purchaser has substantially performed his duties under a contract for sale of real property, a court of equity will not require him to forfeit the interest he has acquired without allowing him a period of redemption, even where no such period is provided for by the applicable mortgage or deed of trust. Consolidated Finance Corp. v. Thorp, 168 Colo. 144, 450 P.2d 320; Cavos v. Geihsler, 109 Colo. 163, 123 P.2d 822; American Mortgage Co. v. Logan, 90 Colo. 157, 7 P.2d 953.
Plaintiff's evidence established that a security relationship was intended and that the purchasers substantially performed the payment obligation of the contract. Based on the pre-trial order it does not appear that this evidence is disputed. Hence, the lower court, based on the evidence before it, should have granted plaintiff its right of redemption, and established a reasonable time therefor.
However, since judgment was entered at the close of plaintiff's evidence, this cause must be remanded for further proceedings. Based on the record before us and the present posture of this case, the only issues that appear to be unresolved are the exact amount due Frank including the *327 amount outstanding under the contract, the amount, if any, for improvements and repairs made by Frank since retaking possession of the property, and taxes and assessments, if any, paid by Frank. However, if the trial court determines that there are other issues properly before it based on the pleadings and the pre-trial order entered thereon, then such issues must be resolved consistent with the views expressed in this opinion.
The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
RULAND and KELLY, JJ., concur.