544 P.2d 1001 (1976)
Vern E. ULANDER and Beatryce Ulander, Plaintiffs-Appellants,
v.
Vernon L. ALLEN and Loretta L. Allen, Defendants-Appellees.
No. 75-309.
Colorado Court of Appeals, Div. 2.
January 2, 1976.
Gehler & Cohen, Ronald J. Cohen, Commerce City, for plaintiffs-appellants.
Richard B. Bauer, Westminster, for defendants-appellees.
*1002 ENOCH, Judge.
The sellers under an installment land contract appeal from a judgment in a forcible entry and detainer action in which the court found the purchasers in default but denied the relief sought and instead allowed the purchasers 30 days to bring their payments current. We affirm in part and remand with directions.
In April 1967, the Allens (purchasers) entered into an installment land contract with the Ulanders (sellers) for the purchase of certain real estate. The agreement provided that the sellers would convey the real estate to the purchasers after payment of $9,700 to sellers at the rate of $85 or more per month based on an interest rate of 7%. The contract further provided that in the case of a failure on the part of the purchasers to make one or more of the monthly payments, the sellers could elect, upon giving 15 days' notice, to terminate the agreement and purchasers would forfeit all prior payments as liquidated damages. Over a period of seven and one-half years, the purchasers made the payments required under the contract which exceeded $7,500 on principal and interest, thus acquiring an equity of $1,583 in the property. During this period they made improvements to the property by adding two bedrooms, an additional bathroom, and paneling. In 1974, Mr. Allen was laid off and the purchasers failed to make four payments beginning in November 1974. In January 1975, after serving upon the purchasers a 15 day notice as required in the contract, the sellers instituted this action for forcible entry and detainer.
The court found that the purchasers had violated the terms of the sales agreement by their failure to make monthly payments for a period of five months; it, however, determined that the purchasers had acquired an equitable interest in the property and allowed the purchasers a period of 30 days to deposit with the registry of the district court a sum equalling the five months' payments.
Sellers argue that since the court found the purchasers had an equitable interest in the real property, the proper relief should have been to allow the purchasers a period of 75 days in which they could redeem the property by paying the sellers the entire balance due under the contract.
Where a purchaser under a contract of sale has acquired an equitable interest in property, a court of equity will allow him a reasonable opportunity to protect that equity through redemption, such as is afforded in mortgage foreclosure proceedings. Consolidated Finance Corp. v. Thorp, 168 Colo. 144, 450 P.2d 320; Gore Trading Co. v. Alice, 35 Colo.App. 97, 529 P.2d 324. The issue presented here is whether redemption is the only equitable remedy permissible where a purchaser in default has acquired an equitable interest in the property.
A foreclosure action could have been utilized here. See Fairview Mining Corp. v. American Mines & Smelting Co., 86 Colo. 77, 287 P. 800. And, if the sellers had elected to pursue their remedies under foreclosure, § 38-39-118, C.R.S.1973, would have been applicable. This statute allows one liable under a note and deed of trust or mortgage, whose only default is nonpayment, to cure the default by tender of the delinquent payments due plus costs, late charges, and attorneys' fees. If such a tender is made within five days of the foreclosure sale, the foreclosure action is terminated and the parties are returned to their original status. See Foster Lumber Co. Inc. v. Weston Constructors, Inc., 33 Colo.App. 436, 521 P.2d 1294.
Although this statute does not apply, because the sellers did not elect to foreclose, the trial court, acting in equity, fashioned a remedy which is substantially similar to that granted under this statute. It is undisputed that a court acting in equity must be allowed flexibility to achieve justice. McFadzean v. Lohr, 152 Colo. 31, 380 P.2d 20. Thus, we hold that where a *1003 purchaser under an installment land contract has acquired a substantial equitable interest in the property, a trial court has discretion to utilize a remedy similar to that permitted in foreclosure actions by § 38-39-118, C.R.S.1973. However, in keeping with the legislative intent expressed in that statute, we further hold that a trial court should additionally award to the seller his costs, expenses, late charges, attorneys' fees, and other fees incurred by him in connection with the action.
Therefore the judgment allowing the purchasers 30 days to cure the default is affirmed, but the cause is remanded for a determination of the costs, expenses, and reasonable attorneys' fees to be awarded the sellers as discussed herein.
RULAND and STERNBERG, JJ., concur.