585 P.2d 293 (1978)
Robert T. SMITH, Plaintiff-Appellant,
v.
CERTIFIED REALTY CORPORATION, a Colorado Corporation, Defendant-Appellee.
No. 77-670.
Colorado Court of Appeals, Div. II.
June 22, 1978.
Rehearing Denied July 13, 1978.
Certiorari Granted October 10, 1978.
Cogswell, Chilson, Dominick & Whitelaw, John H. Chilson, Denver, for plaintiff-appellant.
Berenbaum, Weinberger & Susman, Thomas R. Bromberg, Denver, for defendant-appellee.
ENOCH, Judge.
Plaintiff instituted this action to recover the balance due on a promissory note. He contends that the trial court erred in refusing to enforce an acceleration clause in the note and in fashioning an equitable remedy similar to that approved in Ulander v. Allen, 37 Colo.App. 279, 544 P.2d 1001. We agree and reverse the judgment.
Plaintiff was the holder of a promissory note for $293,000 executed by defendant and secured by a deed of trust on real property situated in Larimer County, Colorado. The note provided for annual installments of principal and interest payable on January 8. In the event of default, the note provided that the entire indebtedness became due and payable at once, the unpaid principal and interest would bear interest at a 12% per annum rate, and 10% of the amount due was to be included with the principal as attorneys' fees.
Plaintiff notified defendant of his intent to accelerate the balance due after defendant *294 failed to tender payment on January 8, 1976. On January 15, defendant mailed a check representing the amount due as of January 8; however, the check was made payable to the First National Bank of Fort Collins, and was returned because of "uncollected funds." Defendant then submitted checks made out to the original holder of the note (Ladco, Inc.). The checks purportedly represented the amount due as of January 8, accrued default interest, and collection expenses. After these checks were returned, defendant twice submitted similar checks made payable to plaintiff. After first rejecting these checks, plaintiff accepted them on March 3, with reservations of rights.
Defendant's answer alleged, among other things, that § 38-39-118, C.R.S. 1973, allowed it to cure its default. This statutory defense was dismissed by the court because plaintiff had sued on the note alone and did not institute foreclosure proceedings. The dismissal of this defense is not an issue on appeal. However, at trial, defendant argued that an equitable "curative remedy" similar to that contained in § 38-39-118, C.R.S. 1973, was appropriate because of its equitable interest in the land covered under the deed of trust. The court agreed, and ruled that equity would not permit the acceleration of the remaining sums due under the promissory note. Accordingly, the court held that the default had been cured on March 3, and that plaintiff was entitled only to certain costs ($89.79), default interest ($1,059.61), and attorneys' fees ($3,720), which had accrued before that time.
Plaintiff contends that there is no equitable right to cure a default in an action brought solely on a promissory note. We agree.
The holder of a note secured by a deed of trust has a choice of independent remedies: Suit on the note only, foreclosure on the property, or joinder of both proceedings in one action. See, e. g., Foothills Holding Corp. v. Tulsa Rig, Reel, & Manufacturing Co., 155 Colo. 232, 393 P.2d 749; Foster Lumber Company, Inc. v. Weston Constructors, Inc., 33 Colo.App. 436, 521 P.2d 1294. The question raised here is whether an acceleration clause in a note is enforceable when the creditor elects to resort to the note only as distinguished from the other possible remedies.
Acceleration clauses premised upon default in payment are enforceable. See § 4-3-109(1)(c), C.R.S. 1973; Axelson v. Dailey Co-operative Co., 88 Colo. 555, 298 P. 957; see also Haffke v. Linker, 30 Colo.App. 61, 489 P.2d 1050. However, when the action involves only a default of payment and the deed of trust or mortgage is being foreclosed, the curative statute, § 38-39-118, C.R.S. 1973, limits the effectiveness of an acceleration clause. Foster Lumber Company, Inc. v. Weston Constructors, Inc., supra.
The equitable principles underlying the curative statute have been invoked to allow defaulting purchasers under an installment land contract the opportunity to preserve their equitable interest in land otherwise subject to forfeiture. See Ulander v. Allen, supra. In this case, however, plaintiff's action does not jeopardize defendant's equitable interest in land, and the situation is thus not comparable to that in Ulander. The allowance of a Ulander type remedy in actions based on a note alone would effectively invalidate the note's acceleration clause and would ignore the underlying distinction between the applicable choice of remedies (primary recourse against the person as opposed to primary recourse against the land), making that choice meaningless.
Consequently, no Ulander "curative remedy" should have been allowed here; rather, we hold that where suit is on the note only and the creditor does not bring an action to foreclose on the security, i.e., the deed of trust, the acceleration clause in the note is enforceable, and the debtor has no statutory or equitable right to cure the money default.
The judgment is reversed and the cause remanded for a determination of the balance due, including principal, default interest, costs, and reasonable attorneys' fees.
KELLY and STERNBERG, JJ., concur.