No. C-1687

**Certified Realty Corporation, a Colorado Corporation v.
Robert T. Smith**

(597 P.2d 1043)

Decided July 23, 1979.                    Rehearing denied August 13, 1979.

Berenbaum & Weinberger, Thomas R. Bromberg, Charles P. Leder, for petitioner.

Cogswell, Chilson, Dominick & Whitelaw, John H. Chilson, for respondent.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

Certified Realty Company (CRC) appeals from the judgment of the court of appeals, 41 Colo. App. 170, 585 P.2d 293 (1978), reversing the district court's holding that Smith could recover only overdue payments despite an acceleration clause in the promissory note. We affirm.

Smith held CRC's promissory note for $293,000 which was secured by a deed of trust. The note provided for acceleration in the event of default.

CRC defaulted on the annual payment due January 8, 1976. Afterwards CRC submitted a check which was returned for lack of sufficient funds and erroneously tendered a check made out to the original holder of the note rather than Smith. Then CRC twice tendered checks properly made payable to Smith. After first refusing the checks, Smith accepted them on March 3, 1976 reserving his rights to accelerate payments or forclose or both.

On February 19, 1976, Smith sued for the unpaid principal of $188,985, default interest and attorney's fees. The district court, citing *Ulander v. Allen,* 37 Colo. App. 279, 544 P.2d 1001 (1976), and concluding it could do so under its equitable powers, limited Smith's recovery to costs, default interest and attorney's fees. The court of appeals reversed, ruling that there is no equitable right to cure a default in an action brought solely on a promissory note.

I.

CRC first contends that section 38-39-118, C.R.S. 1973 and *Foster Lumber Co. v. Weston Constructors, Inc.,* 33 Colo. App. 436, 521 P.2d 1294 (1974) permit a default to be cured provided the creditor is returned to the same position that would have existed if payment had been timely.

Section 38-39-118, C.R.S. 1973 reads: "Whenever the only default or violation in the terms of the note and deed of trust or mortgage being foreclosed is nonpayment of any sum due thereunder, the owners of the property being foreclosed or parties liable thereon shall be entitled to cure said particular default if . . . the owners or parties pay to the officer conducting the sale all delinquent principal and interest payments which are due as of the date of such payment exclusive of that portion of the principal which would not have been due in the absence of acceleration, plus all costs, expenses, late charges, attorney's fees, and other fees incurred by the holder of such note, deed of trust, or mortgage as of the date of payment in connection with such proceedings for collection and foreclosure."

By its terms, the statute applies only where a foreclosure action has been initiated. Here Smith did not foreclose, choosing instead to sue on the note.

CRC argues that *Foster Lumber, supra,* established a rule that a creditor should not be allowed, through choice of remedies, to circumvent the policy of permitting the remedy embodied in section 38-39-118, C.R.S. 1973. In *Foster, supra,* the plaintiff sought to recover the amount due on a note and to foreclose pursuant to the terms of the deed of trust. The court said the debtor had a right to cure under the statute, even though there had been a failure to pay taxes as well as default in payment of interest and principal. The court held that once the default had been cured, the creditor could not maintain an action on the note based upon those defaults. *Foster, however,* is inapposite. There the plaintiff sued on the note and to foreclose. Here, since there was no foreclosure action, the statute does not operate to permit cure of the default.

## II.

Alternatively CRC maintains that, even if the statute and *Foster, supra,* do not mandate the result reached by the trial court, nonetheless the trial court correctly used its discretion in equity to fashion a curative remedy similar to that provided by section 38-39-118, C.R.S. 1973. CRC cites *Ulander v. Allen, supra,* in support of this contention. In *Ulander,* the seller brought a forcible entry and detainer action against the purchasers who had defaulted on several payments under an installment land contract. The court of appeals ruled that "where a purchaser under an installment land contract has acquired a substantial equitable interest in the property, a trial court has discretion to utilize a remedy similar to that permitted in foreclosure actions by § 38-39-118, C.R.S. 1973."

CRC contends that failing to distinguish between an installment land contract and a note which is secured by a deed of trust is abhorrent to equity. We disagree. If in the action on the note the holder does not seek foreclosure, the situation as to curing is no different than if there were no deed of trust. The holder of the note is free to bring his action on that personal obligation and not at that stage attempt to foreclose. In that event the statute relating to curing is inapplicable. A court is not free to vitiate that choice. Thus, *Ulander, supra,* does not support the remedy fashioned by the district court.

## III.

■ Finally, CRC claims that the court of appeals' remand "for a determination of the balance due, including . . . reasonable attorneys' fees" was error. CRC contends that the district court's award of $3,720 in attorneys' fees is a factual determination which cannot be disturbed by a remand for further consideration of attorneys' fees.

The court of appeals did not challenge the trial court's finding. It merely was allowing for a grant of attorneys' fees incurred on appeal. The

remand was proper in view of the district court's discretionary power to award all costs of collection, including cost incurred on appeal.

We find no merit in the other contentions submitted by CRC.

Judgment affirmed.

JUSTICES ERICKSON, CARRIGAN and DUBOFSKY do not participate.