**Nancy FLETT, Public Trustee of the County of Jefferson, State of Colorado, Plaintiff-Appellee,**

v.

**Ghislain Y. TURGEON, Defendant-Appellant,**

**Margaret A. Davis, Defendant-Appellant,**

and

**Margaret H. Sowden, Frederick C. Voelker, and Sigrid Ann Higdon, Defendants-Appellees.**

No. 83CA0703.

Colorado Court of Appeals, Div. III.

Nov. 29, 1984.

Rehearing Denied Jan. 17, 1985.

Richard M. Huckeby, Denver, for defendant-appellant Margaret A. Davis.

Porterfield & Richtsmeier & Penney, Wendell B. Porterfield, Jr., Denver, for defendants-appellees Margaret H. Sowden and Frederick C. Voelker.

Mitchem & Mitchem, P.C., Allen P. Mitchem, Denver, for defendant-appellee Sigrid Ann Higdon.

METZGER, Judge.

This interpleader action was initiated by the Public Trustee of Jefferson County to resolve the conflicting redemption rights asserted by various individuals claiming an interest in property located in Jefferson County. The trial court held that the redemption rights of two of the parties had expired; they appeal, and we affirm.

The parties stipulated to the following facts. On May 10, 1973, defendant Ghislain Turgeon, who then owned the property in fee simple, executed a deed of trust to secure an obligation to Capitol Federal Savings and Loan (Bank). On July 20, 1975, Turgeon entered into an installment land contract under which he agreed to sell the property to defendant Margaret Davis. Davis entered into an installment land contract on August 23, 1977, to sell the property to two individuals not parties to this action. These individuals entered into an installment land contract on January 6, 1978, with defendant Frederick Voelker, who in turn entered into an installment land contract with defendant Sigrid Higdon on March 28, 1980. Voelker later quitclaimed his interest in the property to appellee Margaret Sowden, his mother. Each of these contracts was timely recorded.

On March 3, 1982, the Bank invoked the due-on-sale clause in its deed of trust, and on April 27, 1982, the property was sold at foreclosure to a third-party, who later assigned the certificate of purchase to Higdon and to Sowden's husband. Turgeon, Davis, Sowden, Voelker, and Higdon all filed notices of intent to redeem following the sale.

No appearance for plaintiff-appellee.

Douglas S. Rouse, Lakewood, for defendant-appellant Ghislain Y. Turgeon.

The trial court, which stayed the running of all periods of redemption pending the outcome of the action, held that Turgeon had failed to redeem prior to the expiration of his redemption period and that Davis had failed to file her notice of intent to redeem in a timely fashion. The trial court further held that Voelker and Sowden (whose interests were identical) had a right of redemption during the ten days following the expiration of the 75 day redemptive period provided for by § 38–39–103(1), C.R.S. (1982 Repl.Vol. 16A), and that Higdon had a right of redemption during the five days following the expiration of Voelker and Sowden's right.

Turgeon and Davis appeal, contending that the trial court erred in determining that each of their redemptive rights had expired.

## I.

Davis contends that the right of redemption by an installment land contract purchaser exists only in equity and, therefore, that the trial court erred in imposing upon her the time limitations for redemption applicable to lienors and encumbrancers. We disagree.

No statutory redemption provision for installment land contracts exists in Colorado. However, an equitable right of redemption has been recognized as a permissible (although not the exclusive) remedy in cases in which the installment land contract purchaser has acquired an equitable interest in the property, *Ulander v. Allen,* 37 Colo.App. 279, 544 P.2d 1001 (1976), if the purchaser has substantially performed under the contract. *See Woods v. Monticello Development Co.,* 656 P.2d 1324 (Colo.App. 1982); *Gore Trading Co. v. Alice,* 35 Colo. App. 97, 529 P.2d 324 (1974).

Under such circumstances, the purchaser may avail himself of the applicable statutory redemption provisions. *See Ulander v. Allen, supra.* There is no authority, however, for the view, urged by Davis, that an installment land contract purchaser is entitled by virtue of the equitable nature of his redemptive right to a redemption period beyond that available under the statute.

Where, as here, there are several consecutive recorded installment land contracts, each of which provides that the purchaser takes free of prior encumbrances and none of which is in default, the interest of each purchaser is analogous to that of a "lienor or encumbrancer" contemplated by § 38–39–103(2) C.R.S. (1978 Repl.Vol. 16A). Each such purchaser has an equitable interest in the property, but none has record title and none is liable for any senior encumbrance on the property. Thus, it follows that a trial court, under appropriate circumstances, may extend the right of redemption set forth in § 38–39–103, C.R.S. (1978 Repl.Vol. 16A) to such purchasers in the chronological order of their contracts. Any purchaser exercising such right of redemption takes subject to the contractual rights of subsequent purchasers.

However, in order to avail himself of his redemptive rights, a purchaser must comply with the § 38–39–103(2) requirement of filing a notice of intent to redeem with the public trustee during the 75-day period following the foreclosure sale. *Cf. Ulander v. Allen, supra.* Davis failed to file her notice within this period.

While a court may invoke its equity powers to extend a redemption period if the holder of the right has been misled by the public trustee's erroneous information as to the applicable redemption period and the holder has acted in reliance on that misinformation, *Johnson v. Smith,* 675 P.2d 307 (Colo.1984), no evidence of misinformation by the public trustee as to the redemption period or reliance by Davis has been shown. Moreover, Davis did not contend at trial, nor does she argue here, that a letter delivered to the public trustee before the foreclosure sale was intended by her to constitute a notice of intent to redeem. Accordingly, Davis' redemption rights have expired, and the trial court's ruling was correct.

## II.

Turgeon contends that the trial court erred in determining that his right of

redemption was controlled by § 38–39–102, C.R.S. (1978 Repl.Vol. 16A). We disagree.

Under § 38–39–102(1), C.R.S. (1978 Repl. Vol. 16A), "the owner of the premises or any person who might be liable upon a deficiency" must redeem within 75 days after the date of foreclosure sale. Here, Turgeon was the holder of record title to the property and was the only party liable under the deed of trust. Accordingly, his redemptive rights were controlled by § 38–39–102(1), and expired when he failed to exercise them within the 75-day period following the foreclosure sale.

The judgment is affirmed.

KELLY and TURSI, JJ., concur.