Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 27, 2016

**2016 CO 51**

**No. 14SC66, <u>Van Rees v. Unleaded Software, Inc.</u>—Economic loss doctrine—
Conversion and civil theft—Public impact or interest; private or internal transactions.**

After Unleaded Software, Inc., failed to deliver contracted-for websites and
services, Van Rees brought suit alleging various tort theories, civil theft, three breach of
contract claims, and a violation of the Colorado Consumer Protection Act ("CCPA").
The trial court dismissed all but the contract claims, and the court of appeals affirmed,
holding that the economic loss rule barred the tort and civil theft claims, and that Van
Rees failed to allege a significant public impact under the CCPA.  We affirm in part and
reverse in part.  The economic loss rule applies only if there is no independent tort duty.
Here, where Van Rees alleges Unleaded induced him into entering a contractual
relationship when it knew it would not be able to perform the promised services, there
is an independent tort duty, and we therefore reverse as to Van Rees's tort claims.  We
do not reach the question of the economic loss rule as it relates to civil theft and instead
affirm the dismissal of that claim because Van Rees failed to adequately allege the
knowing deprivation of a thing of value.  Finally, we affirm the dismissal of the CCPA
claim for failure to allege a significant public impact.

**The Supreme Court of the State of Colorado**

2 East 14th Avenue • Denver, Colorado 80203

**2016 CO 51**

**Supreme Court Case No. 14SC66**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 12CA1014

**Petitioner:**

John Van Rees, Sr., d/b/a ExquisiteCrystals.com,

v.

**Respondent:**

Unleaded Software, Inc., a/k/a The Unleaded Group.

**Judgment Affirmed in Part and Reversed in Part**
*en banc*
June 27, 2016

**Attorneys for Petitioner:**
Westerfield & Martin, LLC
Zachary S. Westerfield
Logan R. Martin
  *Denver, Colorado*


**Attorneys for Respondent:**
Law Offices of Peggy Stevens, P.C.
Peggy E. Stevens
  *Lakewood, Colorado*

**JUSTICE EID** delivered the Opinion of the Court.

¶1    Petitioner John Van Rees, Sr., sells metaphysical crystals through his website, ExquisiteCrystals.com. Van Rees contracted with respondent Unleaded Software, Inc., to perform web-related services and to design additional websites. After Unleaded missed deadlines and failed to deliver the promised services, Van Rees brought suit asserting multiple tort claims, a civil theft claim, three breach of contract claims, and a claim for violations of the Colorado Consumer Protection Act ("CCPA").

¶2    Granting Unleaded's C.R.C.P. 12(b)(5) motion, the trial court dismissed all but Van Rees's contract claims, on which the jury found in Van Rees's favor. Van Rees appealed the dismissal of his other claims, and the court of appeals affirmed, determining that the tort and civil theft claims were barred by the economic loss rule because they were related to promises memorialized in the contracts, and the CCPA claim failed to allege a significant public impact. Van Rees v. Unleaded Software, Inc., 2013 COA 164, ¶¶ 26, 43, 47, __ P.3d __.

¶3    We granted Van Rees's petition for certiorari and now affirm in part and reverse in part. The economic loss rule "serves to maintain a distinction between contract and tort law." Town of Alma v. AZCO Constr., Inc., 10 P.3d 1256, 1262 (Colo. 2000). The question is not, however, whether the tort claims relate to a contract, as the court of appeals held here, but rather whether they stem from a tort duty independent of the contract. Id. at 1262. In this case, Van Rees's tort claims allege that Unleaded induced him to enter into a contractual agreement with false promises of its capabilities to perform web-related services. These pre-contractual misrepresentations are distinct from the contract itself, and may form the basis of an independent tort claim. See Keller

v. A.O. Smith Harvestore Prods., Inc., 819 P.2d 69, 72 (Colo. 1991). Accordingly, we reverse the court of appeals' judgment as to the tort claims. As to the civil theft claim, we need not reach the question of the application of the economic loss rule to civil theft because we affirm the court of appeals on the ground that the claim fails to adequately allege the knowing deprivation of a thing of value. Finally, we affirm the judgment as to the CCPA claim on the ground that Van Rees failed to allege a significant public impact. Accordingly, we affirm in part and reverse in part, and remand the case for further proceedings consistent with this opinion.

## I.

¶4 Van Rees sells metaphysical crystals at ExquisiteCrystals.com. After successfully running the website, Van Rees wanted to add three new websites that would cater to specific customers but tie into the same warehouse and inventory.

¶5 Unleaded advertises itself as a certified Gold Partner of Magento, a leading e-commerce software program. Based on this and Unleaded's representations that it was a web design, search-engine optimization ("SEO"), webhosting, and media company, Van Rees hired Unleaded to redesign ExquisiteCrystals.com and build the three additional websites. The contract[1] signed in early December 2009 outlined that Unleaded would create a new website using Magento; design three new sites; provide ECC Integration (a QuickBooks application), training, and website optimization; and have the sites live on January 22, 2010.

---

[1] Although the contracts are not in the record before us, the parties do not dispute their contents and agree that they were for web-related services.

¶6     But January 22 did not bring new websites.   Instead, it brought news from Unleaded that the websites would not be ready until at least March 4.  On March 2, the parties entered into a second contract for SEO services.  March 4 brought another delay and Unleaded said the website would be live and operational on April 1.  The parties then entered into a third contract, specifying that Unleaded would host the website on a dedicated server.  But SEO services were not performed, the website was not hosted on a dedicated server but on a shared one, and Van Rees alleges that within minutes of going live on April Fools' Day, Unleaded's work caused "irreparable harm" to his website and brand.  This included the destruction of natural search rankings, broken sections, and slowness from the shared server.

¶7     Van Rees sued Unleaded for negligence, fraud, constructive fraud, fraudulent concealment, negligent misrepresentation, civil theft, violation of the CCPA, and three breaches of contract.  Van Rees alleged that Unleaded made numerous false statements and representations prior to entering into the contracts that induced him to enter the contracts, knew that it lacked sufficient staff to complete the website on time, and did not intend to provide the specified webhosting or SEO work.  He alleged that, in fact, Unleaded was not performing any SEO work at the time, and jokingly referred to its SEO department as the "little green ball in the corner."

¶8     The trial court dismissed all but Van Rees's contract claims, which went to a jury that awarded him damages.  The court of appeals affirmed the dismissal, citing the

4

economic loss rule as a bar to his tort and civil theft claims,[2] and lack of public impact as to his CCPA claim. We now affirm in part and reverse in part, and remand the case for further proceedings consistent with this opinion.[3]

## II.

¶9　We review de novo the granting of a Rule 12(b)(5) motion for failure to state a claim, accepting the factual allegations contained in the complaint as true and viewing them in the light most favorable to the plaintiff. Bly v. Story, 241 P.3d 529, 533 (Colo. 2010). We first consider the dismissal of Van Rees's tort claims, and then turn to his civil theft and consumer protection claims.

---

[2] Van Rees does not challenge before us the court of appeals' judgment affirming the dismissal of his negligence claim.

[3] We granted certiorari to review the following issues:

1. Whether the court of appeals erred in concluding that the economic loss rule barred petitioner's claims for fraud, fraudulent concealment, constructive fraud, and negligent misrepresentation when such claims were premised on representations made by respondent to induce petitioner to change position by entering into three successive contracts.
2. Whether the court of appeals erred in dismissing under the economic loss rule petitioner's claim for civil theft under section 18-4-405, C.R.S.
3. Whether the court of appeals erred in concluding that the trial court properly dismissed petitioner's cause of action for violation of the Colorado Consumer Protection Act based on the absence of specific facts to establish a public impact even though C.R.C.P. 8 requires only a short, plain statement of the claim and petitioner alleged that respondent's deceptive trade practices had a public interest.

**A.**

¶10 The court of appeals affirmed the trial court's dismissal of Van Rees's tort claims for fraud, fraudulent concealment, constructive fraud, and negligent misrepresentation,[4] reasoning that because they were related to Unleaded's promises to perform that were later memorialized in the contracts, they were barred by the economic loss rule. Van Rees, ¶ 20. Van Rees argues that the court of appeals erred because the tort claims alleged a violation of an independent duty that did not arise from the contracts. We agree with Van Rees.

¶11 The economic loss rule "serves to maintain a distinction between contract and tort law." Town of Alma, 10 P.3d at 1262. In the seminal case of Town of Alma, in which we first recognized the economic loss rule, the town had entered into a contract with a construction company to build and maintain a water system. The contract stated that the company would guarantee its materials, equipment, and quality of work. When the water system started leaking, the town sued the construction company under a negligence theory. We held that the economic loss rule barred such a negligence claim because the contract itself—that is, its promise to perform the work with care—was the source of the duty of care. Id. at 1266. We concluded that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." Id. at

---

[4] Because the court of appeals did not differentiate among the various tort theories, we also treat them as a group.

6

1264 (emphasis added). The economic loss rule thus prevents tort law from swallowing all of contract law. Id. at 1260.

¶12 The critical question in this case, then, is not whether Van Rees's tort claims are related to the promises that eventually formed the basis of the contract, as the court of appeals held. Van Rees, ¶¶ 17, 20. Rather, the question is whether the tort claims flow from an independent duty under tort law. We conclude that they do.

¶13 There is an important distinction between failure to perform the contract itself, and promises that induce a party to enter into a contract in the first place. Here, Van Rees claims not only that Unleaded breached its obligations under the contract (claims that are not at issue in this appeal), but also that it wrongfully induced him into entering a contractual relationship knowing that it did not have the capability to perform any of the promised web-related services. Under our caselaw, the latter allegations state a violation of a tort duty that is independent of the contract.

¶14 We explored the distinction between misrepresentations made to induce the formation of a contract and the contract itself in Keller v. A.O. Smith Harvestore Products, Inc., 819 P.2d 69 (Colo. 1991). There, the plaintiffs purchased a grain storage system manufactured by the defendant based upon pre-contractual representations regarding how the system would operate. After the system allegedly caused problems with plaintiffs' milk herd, plaintiffs brought suit for negligent misrepresentation, contending that the manufacturer induced them into purchasing the system with false promises. The manufacturer claimed that the plaintiffs could not bring a negligent misrepresentation claim because the plaintiffs had executed a fully integrated purchase

7

agreement. We rejected the manufacturer's argument, concluding that a negligent misrepresentation claim was not based on the contract itself—fully integrated or not—but on "principles of duty and reasonable conduct." Id. at 73. Specifically, "a contracting party's negligent misrepresentation of material facts prior to the execution of an agreement may provide the basis for an independent tort claim asserted by a party detrimentally relying on such negligent misrepresentations." Id. at 72.

¶15    Like the plaintiffs in Keller, Van Rees's tort claims are based on misrepresentations made prior to the formation of the contracts, which he alleges induced him to enter into the contracts and therefore violated an independent duty in tort to refrain from such conduct. As such, the claims are not barred by the economic loss rule.

¶16    The court of appeals distinguished Keller on two grounds: first because the court in that case was not required to evaluate whether there was an independent tort duty in the context of the economic loss rule, and second because the inducement related to the sale of a product, rather than the performance of services. Van Rees, ¶ 22 & n.3. We find these distinctions to be illusory.

¶17    As to the first, Keller was cited by Town of Alma as an example of an instance in which "the economic loss rule has no application and does not bar a plaintiff's tort claim because the claim is based on a recognized independent duty of care." 10 P.3d at 1263. Keller was thus integral to our recognition of the economic loss rule in Colorado. As to the second, we see no reason to limit the reasoning of Keller to the purchase of a product. The key in that case is our recognition of an independent tort duty regarding

8

negligent misrepresentations inducing the contractual arrangement, not the subject (that is, product or services) of the arrangement itself.

¶18 The court of appeals also found Brody v. Bock, 897 P.2d 869 (Colo. 1995), distinguishable, and again we disagree. In Brody, the plaintiff alleged that the defendant made oral promises to, inter alia, amend his will to bequeath to him all of the stock in his companies. Id. at 772. We held that although the oral statements could not be enforced as a contractual obligation, they could form the basis of a fraud claim. Id. at 775. Like Keller, we cited Brody in Town of Alma as an example of a tort that imposes an independent duty of care separate from any contract that might (or might not) have been formed. 10 P.3d at 1263. That no contract was formed in Brody simply reinforces the fact that the tort duty was an independent one.

¶19 The court of appeals seemed concerned that if it did not affirm the dismissal of the tort claims in this case, the purposes underlying the economic loss rule would not be served, as tort law would swallow contract law. Van Rees, ¶ 23. However, we also must be cautious of the corollary potential for contract law to swallow tort law. Here, we are not concluding that Van Rees's tort claims will ultimately be successful. To survive a motion to dismiss based on the economic loss rule, Van Rees merely has to allege sufficient facts, taken in the light most favorable to him, that would amount to the violation of a tort duty that is independent of the contract. We hold that he has done so here, and reverse the judgment of the court of appeals as to the tort claims.

¶20 The court of appeals affirmed the trial court's dismissal of Van Rees's civil theft claim under sections 18-4-401(1) and -405, C.R.S. (2015), reasoning that the claim was covered by the economic loss rule because the only allegations regarding the knowing deprivation of a thing of value would arise from the alleged breaches of contract. Van Rees, ¶ 47. We need not reach the question of the application of the economic loss rule to civil theft, however, because we affirm the court of appeals on the ground that the claim fails to adequately allege the knowing deprivation of a thing of value.

¶21 A person commits theft under section 18-4-401(1) when he or she "knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception," and acts intentionally or knowingly in ways that deprive the other person of the property permanently. See 18-4-401(1)(a)–(d). We have held that the statute requires, inter alia, "the specific intent to permanently deprive the owner of the benefit of property." Itin v. Ungar, 17 P.3d 129, 134 (Colo. 2000). Van Rees's complaint alleges violations of section 18-4-401(1)(a)–(d), but does so in a conclusory manner that fails to allege the requisite mental state for any of his theories.

¶22 As noted above, the crux of Van Rees's claim is that Unleaded induced him into entering a contractual relationship for web-related services when it knew it would not be able to perform the promised services. This allegation fails, however, because it does not allege an intent to deprive Van Rees of specific funds. See, e.g., In re Marriage of Allen, 724 P.2d 651, 657 (Colo. 1986) (noting that section 18-4-405 allows an owner to recover property "against any person in whose possession he finds the property" and

10

distinguishing civil theft from a constructive trust, in that civil theft claimants may not "follow property into its product"); Cedar Lane Invs. v. Am. Roofing Supply of Colo. Springs, Inc., 919 P.2d 879, 882 (Colo. App. 1996) (denying recovery to company whose employee had embezzled funds and used them to help finance a land purchase because the receiving company had spent them, making them untraceable).

¶23 Perhaps recognizing this problem, Van Rees, in his briefing to us, argues he was knowingly deprived of "things of value" such as his website and search engine rankings. However, there is nothing in the complaint to suggest that Unleaded entered into its relationship with Van Rees with the intent to deprive him of his website or search engine rankings; again, the complaint alleges that Unleaded induced him to enter into contracts for web-related services it could not perform. We therefore find that Van Rees's complaint fails to allege the knowing deprivation of a thing of value.

¶24 Because Van Rees failed to adequately allege the knowing deprivation of a thing of value, his civil theft claim was properly dismissed. Accordingly, we affirm the court of appeals as to the dismissal of the civil theft claim.

**C.**

¶25 Finally, the court of appeals affirmed the dismissal of Van Rees's claim under the CCPA, §§ 6-1-101 to -1121, C.R.S. (2015), for failure to allege that Unleaded's conduct "significantly impacts the public as actual or potential consumers of [its] goods, services, or property." Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc., 62 P.3d 142, 146–47 (Colo. 2003). We agree with the court of appeals.

11

¶26 As the court of appeals pointed out, Van Rees makes the conclusory allegation that Unleaded's "deceptive trade practice significantly impacts the public as actual or potential consumers" of Unleaded. Van Rees, ¶ 42. But Van Rees's complaint alleges only "his own economic loss," not "any harm or potential harm to identifiable segments of the public." Id. at ¶ 43. In other words, the complaint makes no allegation that Unleaded induced others into entering contracts with similar misrepresentations regarding its web design capabilities. We conclude that Van Rees's allegations are insufficient to state a claim because they are "bare bones" and "only sketch[] the elements of a CCPA offense." Crowe v. Tull, 126 P.3d 196, 211 (Colo. 2006) (requiring plaintiff to replead his CCPA claim to assert law firm was a "personal injury mill" that used its advertising tactics to deceive the public).

¶27 Because Van Rees failed to allege a significant public impact, the trial court properly dismissed his CCPA claim. Accordingly, we affirm the judgment of the court of appeals in this regard.

### III.

¶28 For these reasons, we affirm the court of appeals as to Van Rees's civil theft and CCPA claims, and reverse as to his tort claims. We remand the case for further proceedings in accordance with this opinion.